UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. GESSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-4-DDN |
| | ) | |
| PAUL JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee. The motion will be granted, and plaintiff will be assessed an initial partial filing fee of $14.20, which is twenty percent of plaintiff's six-month average deposit. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise out of his incarceration at the Moberly Correctional Center in 2014. Named as defendants are Paul Jones, M.D. (Corizon Medical Services, Medical Director) and Corizon Medical Services ("Corizon").

Plaintiff alleges that Dr. Jones misdiagnosed plaintiff's spinal injury on June 24, 2014, and made verbal threats to plaintiff "about [his] time starting to become increasingly hard." Plaintiff states that, at some point, Dr. Jones ordered an MRI, and plaintiff received surgery on March 30, 2015. Thereafter, plaintiff was transferred to the infirmary, where he claims he was "belittled and harassed and

2

written up and placed in ad-seg repeatedly." Plaintiff claims that Dr. Jones "refused proper treatment to [him] vindictively," and that defendants were deliberately indifferent to his serious medical needs.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against Dr. Paul Jones in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against a Corizon employee in his official capacity, a plaintiff must allege that a policy or custom of his employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to both defendants Paul Jones and Corizon, and the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $14.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of January, 2016.

/s/ **Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**